ZACHARY MORRIS,

        Plaintiff,

            Case No. 26-cv-0512-bhl

    v.

REVIVAL RUGS INC,

        Defendant.

## ORDER

On March 29, 2026, Plaintiff Zachary Morris filed a complaint against Defendant Revival Rugs Inc., alleging that the defendant's website failed to comply with the Americans with Disabilities Act. (ECF No. 1.) He also filed "Plaintiff's Rule 7(h) Expedited, Non-Dispositive Motion for Class Certification and Relief from Memorandum, Supporting Documents, and Automatic Briefing Requirements." (ECF No. 3.) On April 28, 2026, Morris filed proof that he had served the defendant. (ECF No. 4.) To date, however, the defendant has not appeared or otherwise answered the complaint, and Morris has not requested the clerk's entry of default or moved for a default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *see also VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (explaining the two-step process in a default proceeding). The Court will grant Morris twenty-one days to request entry of default and move for default judgment or take other steps to move the case forward. If he fails to do so, the case will be dismissed for lack of prosecution. Civ. L. R. 41(c).

Morris's expedited motion will be denied without prejudice. Morris explains that the motion is a mere "placeholder" for a class certification motion to avoid any potential efforts to moot his class claims. (ECF No. 3 ¶7.) Morris insists that the Court of Appeals has instructed plaintiffs to file a certification motion with their complaints, along with a motion to stay the certification motion, to protect the ability to bring a class claim. (*Id.* ¶¶2–3 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), *overruled in part by Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015)).) The Seventh Circuit has more recently noted that "there

is no reason to think that" the only time a certification motion is proper is at the time a lawsuit is filed. *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 546 (7th Cir. 2017). It further emphasized that "as long as the proposed class representative has not lost on the merits before a class certification motion is filed, [he] is not barred from seeking class treatment." *Id.* Because Morris's motion is not yet ripe (especially given the defendant's failure to appear), it will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **August 7, 2026**, Plaintiff must request entry of default and move for default judgment, *see* Fed. R. Civ. P. 55(b); *see also VLM Food Trading Int'l, Inc.*, 811 F.3d at 255, or take other steps to move the case forward. Failure to comply will result in dismissal for lack of prosecution pursuant to Civil Local Rule 41(c).

**IT IS FURTHER ORDERED** that Morris's expedited motion to certify class, ECF No. 3, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on July 17, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge